Filed 11/26/25  P. v. Rupp CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C102403 |
| Plaintiff and Respondent, | (Super. Ct. No. 24F4754) |
| v. | |
| KEVIN EMERY RUPP, | |
| Defendant and Appellant. | |

Defendant Kevin Emery Rupp appeals following his conviction by jury of two counts of arson and sentence of two year's formal probation.  His appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and Rupp has not filed a supplemental brief.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Sometime before October 2023, Rupp moved into a carport at his friend J.R.'s mother's home (the property).  Following J.R.'s mother's death, Rupp worked with J.R.

1

and his sister R.K. to clean up the property. Once they finished cleaning, R.K. told Rupp he had to leave the property because it no longer belonged to them.

At the beginning of March 2024, J.R. moved in with R.K. and left the home on the property unlocked. Sometime thereafter, J.R. discovered Rupp had removed the carpet from the home, as well as some cabinets. Rupp later burned the carpet and cabinets.

On March 22, 2024, firefighters responded to a fire at the property. The home was fully engulfed in fire. Rupp and his dogs were visible in the carport.

The complaint charged Rupp with arson of a structure or forest (Pen. Code, § 451, subd. (c); count 1); second degree burglary of a structure (Pen. Code, § 459; count 2); and arson of the property of another (Pen. Code, § 451, subd. (d); count 3).

A jury found Rupp guilty of the two arson charges but acquitted him of the burglary.

At sentencing on October 24, 2024, the trial court placed Rupp on two years of formal probation.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, and he has not done so. Having independently reviewed the record, we find no arguable error that would result in a disposition more favorable to defendant.

2

## DISPOSITION

The judgment is affirmed.

                                    /s/

                                    MESIWALA, J.

We concur:

/s/

HULL, Acting P. J.

/s/

RENNER, J.